IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

NOAH HALE,

Defendant.

4:24CR3091

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Lesley A. Woods, United States Attorney and Tessie Smith, Assistant United States Attorney, and defendant, Noah Hale, and Jessica Milburn, counsel for defendant, as follows:

## I

## THE PLEA

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Counts 1, 7, and 8 of the Indictment. Count 1 charges a violation of Title 18, United States Code, Section 2251(a).  Count 7 charges a violation of Title 18, United States Code, Section 2252(a)(2).  Count 8 charges a violation of Title 18, United States Code, Section 2252(a)(4)(B).

B.    In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.    The United States will move to dismiss Counts 2, 3, 4, 5, and 6 at the time of sentencing.

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

Defendant understands that Count 1 to which defendant is pleading guilty has the following elements:

1.  The defendant knowingly

1

a) employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct; or

b) had the minor assist another person or persons to engage in sexually explicit conduct; or

c) transported the minor across state lines, in foreign commerce, in any Territory or Possession of the United States, with the intent that the minor engage in sexually explicit conduct;

2. At the time alleged, a minor was under the age of eighteen years;

3. The defendant acted with the purpose of producing a visual depiction of such conduct or transmitting a live visual depiction of such conduct; and

4. The defendant knew or had reason to know that such visual depiction would be mailed or transported across state lines or in foreign commerce; or the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone; or the visual depiction was actually mailed or transported across state lines or transported or transmitted using any means or facility of interstate or foreign commerce.

Defendant understands that Count 7, to which defendant is pleading guilty has the following elements:

1. That on or about dates set forth in the Indictment; the defendant knowingly received or attempted to receive one or more items that were visual depiction(s) of child pornography;

2. That the defendant knew that the visual depiction(s) were of minors engaged in sexually explicit conduct; and

3. That the material containing the visual depiction(s) had been mailed, shipped, or transported by any means and facility of interstate or foreign commerce, including, by computer.

Defendant understands that Count 8, to which defendant is pleading guilty has the following elements:

1. The defendant knowingly possessed one or more visual depictions of a minor engaged in sexually explicit conduct;

2. That the production the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct; and

3. The defendant knew the depiction was of a minor engaging in sexually explicit conduct;

4. The visual depictions were produced with materials that had been mailed, shipped or transported in interstate commerce or by computer and contained images of minors.

B.     ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

In February 2024, FBI Omaha was contacted by the FBI's Child Exploitation Operational Unit (CEOU). CEOU indicated they began an investigation into a recent trend where individuals groom and subsequently entice their victims, often minors, into a variety of concerning behaviors. The behaviors include, engaging in and recording self-harm and producing sexually explicit images of themselves. During CEOU's investigation, the Defendant Noah Hale was identified as a suspect. CEOU provided FBI Omaha with information previously obtained in the investigation including but not limited to: seven CyberTips from the National Center for Missing and Exploited Children (NCMEC) and the identification of five minor victims. Pursuant to the seven CyberTips, various accounts associated with Hale—including on platforms Discord, Instagram, Snapchat, TikTok, Twitter, and Telegram—were posting and/or sending child pornography. Nearly each account contained some variation of the username "dungeonloot."

After being provided this information FBI Omaha continued to investigate. They obtained a search warrant for Hale's residence and devices which was executed on February 29, 2024. A review of those devices revealed account information for accounts reported as part of the CyberTips. There were additionally 2,300 media files flagged as files of interest. These files depicted females a majority of whom were apparent minors. The FBI estimated the files depicted approximately 130 different females. In the files, the females were engaged in various circumstances to include: self-harm behavior including having either "Noah Hale" or "dungeonloot" carved into the female's body; child pornography; and files in which the female had the moniker "dungeonloot" written on their body or on a sign.

FBI utilized open-source image repositories and databases to identify and locate the females in these 2,300 files. To date, 30 minor females have been identified. Based on the forensic

3

interviews of the females, it was determined they ranged between ages of 11 and 17 at the time each communicated with the Defendant and when the Defendant would have received the files depicting the minors. The females were located at various locations throughout the United States as well as at least one victim located in Canada. Each female indicated they had never communicated with the Defendant in person but merely communicated online.

Victim 1 was identified as minor in one of the photos located on Defendant's devices. Photographs of Victim 1 were positively identified by her mother. Victim 1 was forensically interviewed. Victim 1 was 11 years old at the time she met and had contact with the Defendant in December 2023. She had contact with him for a week during which she communicated with him on Snapchat using his "dungeonloot" username. During their communications, Defendant requested Victim 1 send him photos, videos, and videocalls in which Victim 1 would be nude or twerking. Defendant received media from Victim 1 based on his requests including at least two files which were sexually explicit—at least one file or videocall included depictions of Victim 1 digitally penetrating her vagina at Hale's request while another involved Victim 1 inserting a pen in her vagina at Hale's request.

Files sent or live videocalls made via the internet are methods of transporting and receiving depictions across state lines and of transporting and transmitting the depictions using any means or facility of interstate or foreign commerce.

## III

## PENALTIES

A.    COUNT 1. Defendant understands that each Count 1 which defendant is pleading guilty carries the following penalties:

1.    A maximum 30 years in prison; and a mandatory minimum of 15 years;

2.    A maximum $250,000 fine;

3.    A mandatory special assessment of $100 per count;

4.    A possible special assessment of $5,000 under the Justice for Victims of Trafficking Act.[1]

5.    A special assessment of up to $63,987 under the Amy, Vicki, and Andy Child

---

[1] On November 12, 2025, H.R. 5371 was signed into law. Section 125 of Division A of the bill provided that the JVTA "shall be applied by substituting the date specified in section 106(3) of this Act for 'September 30, 20205": … this section shall take effect on the date of enactment of this Act and shall not apply retroactively."

Pornography Victim Assistance Act.

6. A term of supervised release of at least 5 years up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

7. Possible ineligibility for certain Federal benefits.

B. COUNT 7. Defendant understands that each Count 7 to which defendant is pleading guilty carries the following penalties:

1. A maximum 20 years in prison; and a mandatory minimum of 5 years;

2. A maximum $250,000 fine;

3. A mandatory special assessment of $100 per count;

4. A possible special assessment of $5,000 under the Justice for Victims of Trafficking Act.

5. A special assessment of up to $44,791 under the Amy, Vicki, and Andy Child Pornography Victim Assistance Act.

6. A term of supervised release of at least 5 years up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

7. Possible ineligibility for certain Federal benefits.

B. COUNT 8. Defendant understands that Count 7 to which defendant is pleading guilty carries the following penalties:

1. A maximum 20 years in prison;

2. A maximum $250,000 fine;

3. A mandatory special assessment of $100 per count;

4. A possible special assessment of $5,000 under the Justice for Victims of Trafficking Act.

5. A special assessment of up to $21,756 under the Amy, Vicki, and Andy Child Pornography Victim Assistance Act.

6. A term of supervised release of at least 5 years up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result

in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

7.    Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## SENTENCING ISSUES

A.    SENTENCING AGREEMENTS.

1.    Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

2.    If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

3.    The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's relevant conduct regardless whether that person or organization is a victim of the offense of conviction. As such, it is understood the Defendant will be ordered to pay restitution to the following persons or organizations: all identified victims.

The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to

6

the United States to enforce the judgment.  If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613.  The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

B.    ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1.    Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2.    Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3.    Fails to appear in court, or
4.    Engages in additional criminal conduct, or
5.    Attempts to withdraw the guilty plea, or
6.    Refuses to abide by any lawful court order, or
7.    Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.    ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

7

D.   CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

(c) A right to file a motion under Section 3582(c)(1)(A);

1. the general right to file a compassionate release motion;

2. the right to file a second or successive such motion; or

3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a)  The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

8

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## **BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## **SCOPE OF AGREEMENT**

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

9

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
LESLEY A. WOODS
United States Attorney

10

March 18, 2026
Date

Tessie Smith
TESSIE SMITH
ASSISTANT U.S. ATTORNEY

March 18, 2026
Date

Noah Hale
NOAH HALE
DEFENDANT

March 18, 2026
Date

JESSICA MILBURN
COUNSEL FOR DEFENDANT

11